1 | Thomas A. Vogele, Esq.  (SBN 254557)
2 | SCHWARTZ,O'CONNOR & VOGELE, LLP
3 | 200 Clock Tower Pl., Suite E103
   | Carmel, California 93922
   | Telephone:     (831) 625-6255
4 | Facsimile: (831)886-1684
   | Email:      tvogele@sovlaw.com

Attorney for Plaintiffs JOHN L. SUSOTT; the
Estate of Kathryn Susott; The Kathryn C. Susott
Living Trust under Agreement dated May 2, 1997;
The John L. Susott Exempt Marital Trust under
Agreement dated May 27, 1985; and the John L.
Susott Non-Exempt Marital Trust under
Agreement dated May 27, 1985

## UNITED STATES DISTRICT COURT FOR THE
## CENTRAL DISTRICT OF CALIFORNIA
## SOUTHERN DIVISION

| | |
|---|---|
| JOHN L. SUSOTT; the Estate of Kathryn Susott; The Kathryn C. Susott Living Trust under Agreement dated May 2, 1997; The John L. Susott Exempt Marital Trust under Agreement dated May 27, 1985; and the John L. Susott Non-Exempt Marital Trust under Agreement dated May 27, 1985<br><br>Plaintiffs<br><br>vs.<br><br>DANIEL C. SUSOTT, an individual; and DOES 1 through 100, inclusive<br><br>Defendants. | CASE NO.: C12-00581 HRL<br><br>Magistrate Judge: Hon. Howard R. Lloyd<br><br>**EXHIBITS 1 AND 2 TO DECLARATION OF THOMAS A. VOGELE IN SUPPORT OF MOTION TO REMAND**<br><br>Action Filed:    February 6, 2012<br>Hearing Date:   April 3, 2012<br>Time:             10:00 a.m. |

1

**EXHIBITS 1 AND 2 TO DECLARATION OF THOMAS A. VOGELE IN SUPPORT MOTION TO REMAND**

**EXHIBIT 1**

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

THOMAS A. VOGELE, ESQ. (SBN 254557)
GIMINO VOGELE ASSOCIATES, LLP
245 Fisher Avenue., Suite C-1
Costa Mesa, California 92626
    TELEPHONE NO.: (714) 641-1232    FAX NO. *(Optional):* (714) 438-0620
E-MAIL ADDRESS *(Optional):*
    ATTORNEY FOR *(Name):* Plaintiff

**FILED**

MAR 0 6 2012

CONNIE MAZZEI
CLERK OF THE SUPERIOR COURT
————————DEPUTY
**CARMEN B. OROZCO**

FILED BY FACSIMILE

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Monterey
    STREET ADDRESS: 1200 Aguajito Road
    MAILING ADDRESS: 1200 Aguajito Road
    CITY AND ZIP CODE: Monterey, CA 93940
    BRANCH NAME:

PLAINTIFF/PETITIONER: John L. Susott, et al.

DEFENDANT/RESPONDENT: Daniel C. Susott, et al.

| PROOF OF SERVICE OF SUMMONS | CASE NUMBER: M115348 |
|---|---|
| | Ref. No. or File No.: 31004859 lxc |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. ☑ Summons
   b. ☑ Complaint
   c. ☐ Alternative Dispute Resolution (ADR) package
   d. ☐ Civil Case Cover Sheet *(served in complex cases only)*
   e. ☐ Cross-Complaint
   f. ☐ Other *(specify documents):*

3. a. Party served *(specify name of party as shown on documents served):*
      Daniel C. Susott, an individual
   b. ☐ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*

4. Address where the party was served:
   3645 Woodlawn Terrace, Honolulu, HI 96822
5. I served the party *(check proper box)*
   a. ☐ **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):*    (2) at *(time):*
   b. ☑ **by substituted service.** On *(date):* 12/20/2011    at *(time):* 9:30 AM I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*
      Anto Sri, Co-occupant
      (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.
      (2) ☑ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.
      (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.
      (4) ☑ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):*    from *(city):*    or ☑ a declaration of mailing is attached.
      (5) ☑ I attach a declaration of diligence stating actions taken first to attempt personal service.

Page 1 of 2

| Form Adopted for Mandatory Use Judicial Council of California POS-010 [Rev. January 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Code of Civil Procedure, § 417.10 |
|---|---|---|

| PLAINTIFF/PETITIONER: John L. Susott, et al. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Daniel C. Susott, et al. | M115348 |

5. c. [ ] **by mail and acknowledgment of receipt of service.** I mailed the documents listed in Item 2 to the party, to the address shown in Item 4, by first-class mail, postage prepaid,

    (1) on *(date):*                    (2) from *(city):*

    (3) [ ] with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed Notice and Acknowledgement of Receipt.)* (Code Civ. Proc., § 415.30.)

    (4) [ ] to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

  d. [ ] **by other means** *(specify means of service and authorizing code section):*

    [ ] . Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

  a. [✓] as an individual defendant.

  b. [ ] as the person sued under the fictitious name of *(specify):*

  c. [ ] as occupant.

  d. [ ] On behalf of *(specify):*

    under the following Code of Civil Procedure section:

| | |
|---|---|
| [ ] 416.10 (corporation) | [ ] 415.95 (business organization, form unknown) |
| [ ] 416.20 (defunct corporation) | [ ] 416.60 (minor) |
| [ ] 416.30 (joint stock company/association) | [ ] 416.70 (ward or conservatee) |
| [ ] 416.40 (association or partnership) | [ ] 416.90 (authorized person) |
| [ ] 416.50 (public entity) | [ ] 415.46 (occupant) |
| | [ ] other: |

7. **Person who served papers**

  a. Name: James Ormand

  b. Address: 404 W. 4th Street, Suite G., Santa Ana, CA 92701

  c. Telephone number: (714) 543-5100

  d. The fee for service was: $ 225.00

  e. I am:

    (1) [✓] not a registered California process server.

    (2) [ ] exempt from registration under Business and Professions Code section 22350(b).

    (3) [ ] registered California process server:

      (i) [ ] owner [ ] employee [ ] independent contractor.

      (ii) Registration No.:

      (iii) County:

8. [ ] I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    **or**

9. [ ] I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date: January 25, 2012

James Ormand                  ▶ _____
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)            (SIGNATURE)

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address): | TELEPHONE NO.:<br>(714) 641-1232 | FOR COURT USE ONLY |
|---|---|---|
| THOMAS A. VOGELE, ESQ. (SBN 254557)<br>GIMINO VOGELE ASSOCIATES, LLP<br>245 FISCHER AVENUE C-1<br>COSTA MESA, CA 92626 | | |
| ATTORNEY FOR (Name):   PLAINTIFFS | Ref. No. or File No.<br>31004859 lxc | |

Insert name of court and name of judicial branch court, if any:
SUPERIOR COURT OF THE STATE OF CALIFORNIA
COUNTY OF MONTEREY

SHORT TITLE CASE:
JOHN L. SUSOTT, ET AL.  V.  DANIEL C. SUSOTT, ET AL.

| DECLARATION OF DUE DILIGENCE | HEARING DATE: | TIME: | DEPT./DIV.: | CASE NUMBER:<br>M115348 |
|---|---|---|---|---|

At the time of service attempt(s), I was at least 18 years old & not a party to the action

I attempted to serve the following documents: **SUMMONS; COMPLAINT; CIVIL CASE COVER SHEET.**

Name of party served: DANIEL S. SUSOTT, AN INDIVIDUAL

**DECEMBER 12, 2011 AT 7:20 P.M.**
(BUSINESS) 3645 WOODLAWN TERRACE, HONOLULU, HI 96822
I was unable to personally serve the documents listed above. Subject not home.

**DECEMBER 13, 2011 AT 7:00 A.M.**
(BUSINESS) 3645 WOODLAWN TERRACE, HONOLULU, HI 96822
I was unable to personally serve the documents listed above. No answer at the door

**DECEMBER 14, 2011 AT 9:45AP.M.**
(BUSINESS) 3645 WOODLAWN TERRACE, HONOLULU, HI 96822
I was unable to personally serve the documents listed above. No answer at the door.

**DECEMBER 14, 2011 AT 7:49 P.M.**
(BUSINESS) 3645 WOODLAWN TERRACE, HONOLULU, HI 96822
I was unable to personally serve the documents listed above. No answer at the door.

**DECEMBER 15, 2011 AT 6:30 P.M.**
(BUSINESS) 3645 WOODLAWN TERRACE, HONOLULU, HI 96822
I was unable to personally serve the documents listed above. No answer at the door.

**DECEMBER 16, 2011 AT 4:30 P.M.**
(BUSINESS) 3645 WOODLAWN TERRACE, HONOLULU, HI 96822
I was unable to personally serve the documents listed above. No answer at the door.

**DECEMBER 20, 2011 AT 9:30 A.M.**
(BUSINESS) 3645 WOODLAWN TERRACE, HONOLULU, HI 96822
I effectuated service on Daniel S. Susott, by leaving documents with Anto Srl, Co-occupant.

Process Server: James Ormand
LEGAL SOLUTION ATTORNEY SERVICE
404 W. 4TH STREET, SUITE G\
SANTA ANA, CA 92701
(714) 543-5100

[ ]   Registered California
Process Server
Registration Number:
County:
Fee for service: $225.00

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on:   December 23, 2011                    Signature:

Proof of Service complies with CRC 982(a)(23) as required by CCP 417.10
DECLARATION OF DUE DILIGENCE

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name and Address)*: | | TELEPHONE NO.: (714) 641-1232 | | FOR COURT USE ONLY |
|---|---|---|---|---|
| THOMAS A. VOGELE, ESQ. (SBN 254557) GIMINO VOGELE ASSOCIATES, LLP 245 FISCHER AVENUE, SUITE C-1 COSTA MESA, CA 92626 | | | | |
| ATTORNEY FOR *(Name)*:   PLAINTIFF | | Ref. No. or File No. 31004859 lxc | | |
| Insert name of court and name of judicial branch court, if any: SUPERIOR COURT OF THE STATE OF CALIFORNIA COUNTY OF MONTEREY | | | | |
| SHORT TITLE CASE: JOHN L. SUSOTT, ET AL. V. DANIEL C. SUSOTT, ET AL. | | | | |
| PROOF OF MAILING | HEARING DATE: | TIME: | DEPT./DIV.: | CASE NUMBER: M115348 |

At the time of mailing, I was at least 18 years old and not a party to the action

I mailed the following documents: SUMMONS; COMPLAINT; CIVIL CASE COVER SHEET.

Addressed as follows:

      DANIEL C. SUSOTT
      3645 WOODLAWN TERRACE
      HONOLULU, HI 96822

[ X ] Residence   [ ] Business   [ ] Other

Date: SEPTEMBER 202:50 P.M., 2011

Place: SANTA ANA, CALIFORNIA

Type of mailing: FIRST CLASS

Person Mailing: LESLIE CUBA
LEGAL SOLUTION ATTORNEY SERVICE
404 W. 4TH STREET, SUITE G
SANTA ANA, CA 92701
(714) 543-5100

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on:   SEPTEMBER 22, 2011       Signature:

PROOF OF MAILING

**EXHIBIT 2**

1   JOHN PRESTON, ESQ. (SBN 87237)
    1060 Clarendon Crescent
2   Oakland, CA 94610
    Tel: 510-763-9131
3   Fax: 510-763-0255

4   Attorneys for Defendant Daniel Susott

5

                    UNITED STATES DISTRICT COURT
6
                 NORTHERN DISTRICT OF CALIFORNIA
7
                        SAN JOSE BRANCH
8

9   JOHN L. SUSOTT,                    )    CASE NO. C12-00581
                                       )
10              Plaintiff;             )
                                       )    NOTICE OF REMOVAL OF
11  vs.                                )    ACTION UNDER 28 USC § 1441(b)
                                       )    (DIVERSITY)
12  DANIEL SUSOTT et al.,              )
                                       )
13              Defendants.            )    JURY TRIAL DEMANDED
                                       )

14

15      TO THE CLERK OF THE ABOVE-TITLED COURT:

16      PLEASE TAKE NOTICE that defendant Daniel Susott hereby removes to this Court the

17  state action described below:

18      1.      On December 9, 2011, an action was commenced in the Superior Court of the

19  State of California in the County of Monterey titled John Auld-Susott, plaintiff v. Daniel Susott

20  and Does 1 through 100, defendants as case number M115348. A true copy of the Complaint

21  filed in that action is attached as Exhibit A.

22      2.      It is disputed as to the first date defendant Daniel Susott received a copy of the

23  Complaint. Plaintiff contends that Daniel Susott was personally served in Hawaii on December

24  20, 2011. However, since Daniel Susott was not within several thousand miles of the state of

25

26

                                  1                          Notice of Removal

Hawaii for the entire month of December, this is impossible. Defendant Daniel Susott does not have a copy of the summons.

    3. This action is one over which this Court has original jurisdiction under 28 USC §1332 and is one that may be removed to this Court by defendant pursuant to 28 USC § 1441(b) in that it is a civil action between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs because plaintiff alleges as one of the items of damages that Daniel used undue influence in order to receive a gift of $771,939.

    4. There is complete diversity of citizenship in that plaintiff John Susott is domiciled in Carmel, California and the domicile of defendant Daniel Susott, the only named defendant and the only defendant as to which service of the summons and complaint has been attempted, is Hawaii.

Date: ~~January~~ Feb 6 , 2012      By: _____

                      John Preston
                      Attorney for defendant Daniel Susott

2

# EXHIBIT A

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|

**ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address)*:
Thomas A. Vogele, Esq. (SBN 254557)
Timothy M. Kowal, Esq. (SBN 254709)
GIMINO VOGELE ASSOCIATES, LLP
245 Fischer Avenue, Suite C-1, Costa Mesa, California 92626
TELEPHONE NO.: (714) 641-1232   FAX NO.: (714) 438-0620
ATTORNEY FOR *(Name)*: Plaintiff JOHN L. SUSOTT, et al.

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** MONTEREY
STREET ADDRESS: 1200 Aguajito Road, Monterey, CA 93940 (831) 647-580
MAILING ADDRESS: Monterey County Courts, 1200 Aguajito Road
CITY AND ZIP CODE: Monterey, 93940
BRANCH NAME: Monterey Courthouse

**CASE NAME:**
John Susott, et al. v. Daniel Susott, et al.

FOR COURT USE ONLY

**FILED**

DEC 09 2011

CONNIE MAZZEI
CLERK OF THE SUPERIOR COURT
_____DEPUTY

Lisa Dalia

CASE NUMBER:

**M115348**

JUDGE:

DEPT:

| CIVIL CASE COVER SHEET | Complex Case Designation | |
|---|---|---|
| ☑ Unlimited (Amount demanded exceeds $25,000) | ☐ Limited (Amount demanded is $25,000 or less) | ☐ Counter  ☐ Joinder |

Filed with first appearance by defendant
(Cal. Rules of Court, rule 3.402)

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☑ Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☑ Other non-PI/PD/WD tort (35)
**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)
**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)
**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)
**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
☐ Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. ☑ monetary   b. ☐ nonmonetary; declaratory or injunctive relief   c. ☑ punitive
4. Number of causes of action *(specify)*: Six (6)
5. This case ☐ is ☑ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: December 9, 2011
Timothy M. Kowal
_____
(TYPE OR PRINT NAME)

*Timothy M. Kowal* (signature)
_____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use Judicial Council of California CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; Cal. Standards of Judicial Administration, std. 3.10 www.courtinfo.ca.gov |
|---|---|---|

)                                                    )

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

Daniel C. Susott, an individual; and Does 1 through 100, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Additional Parties Attachment for is attached



FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

# FILED

**DEC 0 9 2011**

CONNIE MAZZEI
CLERK OF THE SUPERIOR COURT
DEPUTY
Lisa Dalia

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

---

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Monterey County Superior Court<br><br>1200 Aguajito Road<br>Monterey, CA 93940 | CASE NUMBER:<br>*(Número del Caso):* **M 1 1 5 3 4 8** |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Timothy M. Kowal, Esq. 245 Fischer Avenue, Suite C-1, Santa Ana, CA 92626

DATE: ~~November 15, 2011~~  **DEC 0 9 2011**   **CONNIE MAZZEI**   Clerk, by   **Lisa Dalia**   , Deputy
*(Fecha)*                                           *(Secretario)*                                  *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

[SEAL]

3. ☐ on behalf of *(specify):*

under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)

☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

)                              )

SUM-200(A)

| SHORT TITLE:<br>John L. Susott et al v. Daniel C. Susott | CASE NUMBER: |
|---|---|

**INSTRUCTIONS FOR USE**

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.
→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties *(Check only one box. Use a separate page for each type of party.):*

[✓] Plaintiff   [ ] Defendant   [ ] Cross-Complainant   [ ] Cross-Defendant

JOHN L. SUSOTT, individually and as executor of the Estate of Kathryn Susott, trustee of The Kathryn C. Susott Living Trust under Agreement dated May 2, 1997, trustee of the John L. Susott Exempt Marital Trust under Agreement dated May 27, 1985, and trustee of the John L. Susott Non-Exempt Marital Trust under Agreement dated May 27, 1985

Page __1__ of __1__

Page 1 of 1

**ADDITIONAL PARTIES ATTACHMENT**
Attachment to Summons

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
— Thomas A. Vogele, Esq. (SBN 254557)
Timothy M. Kowal, Esq. (SBN 254709)
GIMINO VOGELE ASSOCIATES, LLP
245 Fischer Avenue, Suite C-1, Costa Mesa, California 92626
TELEPHONE NO.: (714) 641-1232   FAX NO.: (714) 438-0620
ATTORNEY FOR *(Name):* Plaintiff JOHN L. SUSOTT, et al.

SUPERIOR COURT OF CALIFORNIA, COUNTY OF MONTEREY
STREET ADDRESS: 1200 Aguajito Road, Monterey, CA 93940 (831) 647-580
MAILING ADDRESS: Monterey County Courts, 1200 Aguajito Road
CITY AND ZIP CODE: Monterey, 93940
BRANCH NAME: Monterey Courthouse

**FILED**

DEC 09 2011

CONNIE MAZZEI
CLERK OF THE SUPERIOR COURT
........................DEPUTY

Lisa Dalia

CASE NAME:
John Susott, et al. v. Daniel Susott, et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [✓] Unlimited (Amount demanded exceeds $25,000) [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter  [ ] Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | **M115348** JUDGE: DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[✓] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[✓] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [✓] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a.[✓] monetary   b.[ ] nonmonetary; declaratory or injunctive relief   c.[✓] punitive
4. Number of causes of action *(specify):* Six (6)
5. This case [ ] is [✓] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: December 9, 2011
Timothy M. Kowal
(TYPE OR PRINT NAME)                         (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use Judicial Council of California CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; Cal. Standards of Judicial Administration, std. 3.10 www.courtinfo.ca.gov |
|---|---|---|

CM-010

# INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
Damage/Wrongful Death
Uninsured Motorist (46) *(if the
case involves an uninsured
motorist claim subject to
arbitration, check this item
instead of Auto)*
**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/
Wrongful Death
Product Liability *(not asbestos or
toxic/environmental)* (24)
Medical Malpractice (45)
Medical Malpractice–
Physicians & Surgeons
Other Professional Health Care
Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip
and fall)
Intentional Bodily Injury/PD/WD
(e.g., assault, vandalism)
Intentional Infliction of
Emotional Distress
Negligent Infliction of
Emotional Distress
Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
Practice (07)
Civil Rights (e.g., discrimination,
false arrest) *(not civil
harassment)* (08)
Defamation (e.g., slander, libel)
(13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice
*(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease
Contract *(not unlawful detainer
or wrongful eviction)*
Contract/Warranty Breach–Seller
Plaintiff *(not fraud or negligence)*
Negligent Breach of Contract/
Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open
book accounts) (09)
Collection Case–Seller Plaintiff
Other Promissory Note/Collections
Case
Insurance Coverage *(not provisionally
complex)* (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property *(not eminent
domain, landlord/tenant, or
foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
drugs, check this item; otherwise,
report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court
Case Matter
Writ–Other Limited Court Case
Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor
Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
*(arising from provisionally complex
case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of
County)
Confession of Judgment *(non-
domestic relations)*
Sister State Judgment
Administrative Agency Award
*(not unpaid taxes)*
Petition/Certification of Entry of
Judgment on Unpaid Taxes
Other Enforcement of Judgment
Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
above)* (42)
Declaratory Relief Only
Injunctive Relief Only *(non-
harassment)*
Mechanics Lien
Other Commercial Complaint
Case *(non-tort/non-complex)*
Other Civil Complaint
*(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
Governance (21)
Other Petition *(not specified
above)* (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult
Abuse
Election Contest
Petition for Name Change
Petition for Relief From Late
Claim
Other Civil Petition

CM-010 [Rev. July 1, 2007]                     **CIVIL CASE COVER SHEET**

**FILED**

DEC 09 2011

CONNIE MAZZEI
CLERK OF THE SUPERIOR COURT
_____DEPUTY

**Lisa Dalia**

1  Thomas A. Vogele, Esq. (SBN 254557)
   Timothy M. Kowal, Esq. (SBN 254709)
2  GIMINO VOGELE ASSOCIATES, LLP
   245 Fischer Avenue, Suite C-1
3  Costa Mesa, California 92626
   Telephone: (714) 641-1232
4  Facsimile: (714) 438-0620
   Email: tvogele@giminovogele.com
5
   Attorneys for Plaintiff JOHN L. SUSOTT; the
6  Estate of Kathryn Susott; The Kathryn C. Susott
   Living Trust under Agreement dated May 2, 1997;
7  The John L. Susott Exempt Marital Trust under
   Agreement dated May 27, 1985; and The John L.
8  Susott Non-Exempt Marital Trust under
   Agreement dated May 27, 1985

**CASE MANAGEMENT CONFERENCE**
DATE: 4-13-12
TIME: 9:00 AM
PLACE: Courtroom 15 , 2nd Floor
1200 Aguajito Rd. Monterey CA 93940

9

10              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

11                      **FOR THE COUNTY OF MONTEREY**

12  JOHN L. SUSOTT, individually and as          ) CASE NO.:    **M 1 1 5 3 4 8**
    executor of the Estate of Kathryn Susott,    )
13  trustee of The Kathryn C. Susott Living      ) **COMPLAINT FOR:**
    Trust under Agreement dated May 2, 1997,     )
14  trustee of the John L. Susott Exempt Marital )  1. **ELDER FINANCIAL ABUSE**
    Trust under Agreement dated May 27, 1985,    )     **[Welf. & Inst. Code, §§ 15610.07,**
15  and trustee of the John L. Susott Non-       )     **subd. (a), 15610.30];**
    Exempt Marital Trust under Agreement         )  2. **CONVERSION**
16  dated May 27, 1985,                          )  3. **CONSTRUCTIVE TRUST**
                                                 )  4. **NEGLECT**
17              Plaintiffs,                       )     **[Welf. & Inst. Code, § 15610.57]**
                                                 )  5. **ELDER PHYSICAL ABUSE**
18  vs.                                          )     **[Welf. & Ins. Code, § 15610.63]**
                                                 )  6. **WRONGFUL DEATH**
19  DANIEL C. SUSOTT, an individual; and         )
    DOES 1 through 100, inclusive,               )
20                                               )      FILED BY FACSIMILE
              Defendants.                         )
21                                               )
                                                 )
22

23

24      Plaintiffs John L. Susott, the Estate of Kathryn Susott, The Kathryn C. Susott Living Trust

25  under Agreement dated May 2, 1997, The John L. Susott Exempt Marital Trust under Agreement

26  dated May 27, 1985, and The John L. Susott Non-Exempt Marital Trust under Agreement dated

27  May 27, 1985, complain and allege as follows:

28

- 1 -
COMPLAINT

2037-001 16639_2

## GENERAL ALLEGATIONS

1.      Decedent Kathryn Susott ("Kay") was born on May 16, 1919.  She bore two natural sons, John and Daniel, ages 61 and 60, respectively.  John L. Susott was duly appointed as representative of Kay's estate on or about October 9, 2009, and is the duly appointed trustee of The Kathryn C. Susott Living Trust under Agreement dated May 2, 1997 ("Kay's Trust"), trustee of the John L. Susott Exempt Marital Trust under Agreement dated May 27, 1985 ("John's Trust"), and trustee of the John L. Susott Non-Exempt Marital Trust under Agreement dated May 27, 1985 ("Marital Trust").  John L. Susott, individually and in each of his representative capacities, is referred to herein as "Plaintiff."

2.      Plaintiff is a resident of Monterey County, California.

3.      At all times relevant to the allegations herein, defendant Daniel C. Susott ("Daniel") was a resident of Monterey County, California.  Plaintiff is informed and believes that Daniel currently maintains domiciles in both Monterey County and in Hawaii, among other places.

4.      The true names and capacities, whether individual, corporate, associate, or otherwise, of the defendants named herein as Does 1 through 100, inclusive, are unknown to Plaintiff, who therefore sues these defendants by such fictitious names.  By way of example only, Plaintiff is informed and believes, and thereon alleges, that at all relevant times Daniel was and is the sole and/or dominating owner or shareholder in a purported charity, the name and capacity of which Plaintiff is unaware at this time ("Doe 1").  Pursuant to Code of Civil Procedure section 474, Plaintiff will amend this complaint, seeking leave of the Court as appropriate, to show the true names and capacities of Doe 1 and such other "Doe" defendants when they have been ascertained.  Daniel, Doe 1, and the other "Doe" defendants are sometimes collectively referred to herein as "Defendants."

## JURISDICTION AND VENUE

5.      This Court has jurisdiction in this matter as alleged in this complaint, in part, pursuant to section 410.10 of the Code of Civil Procedure and section 10 of article VI of the California Constitution.  Further, this Court has jurisdiction over the Defendants because they are

2037-001 16639_2

1   domiciled in the state of California and/or purposely availed themselves of the laws and benefits

2   of this state in performing the acts alleged herein. Plaintiff seeks damages well in excess of the

3   statutory minimum of this Court.

4        6.    Venue in Monterey County is proper under section 395 of the Code of Civil

5   Procedure as it is the county where Daniel maintains a domicile as of the commencement of this

6   action, and/or it is the county where Defendants or some of them conducted the acts alleged

7   herein.

8                         **FACTUAL ALLEGATIONS**

9        7.    In or about 1995, Kay moved to Carmel, California to be closer to members of her

10   immediate family. Prior to that time, Kay lived in Hawaii. Plaintiff is informed and believes, and

11   thereon alleges, that around the time Kay moved to Carmel, Kay's estate planning attorneys

12   created a qualified personal residence trust ("QPRT") in order to purchase and hold title to a

13   residence at 8022 River Place ("River Place"). Plaintiff is informed and believes, and thereon

14   alleges, that at all times while Kay resided at River Place, she paid the QPRT monthly rent of

15   approximately $3,500, as is standard estate planning practice. From about 2005, Kay also paid

16   for all utilities associated with River Place in addition to rent and other living and medical

17   expenses.

18        8.    Also in or about 1995, shortly after Kay purchased and moved into her River Place

19   home, Kay's younger son, Daniel, moved in and established his own permanent residence at

20   River Place. Plaintiff is informed and believes, and thereon alleges, that Daniel continued to

21   reside at River Place as his primary domicile until approximately January 31, 2009. Around that

22   same time on or about February 1, 2009, Kay was relocated to an assisted living facility. Kay

23   died shortly thereafter on February 15, 2009. Plaintiff is informed and believes, and thereon

24   alleges, that during the time Daniel resided at his mother's River Place home, Daniel occupied a

25   private room and freely made use of common areas and utilities. Plaintiff further is informed and

26   believes, and thereon alleges, that during the time Daniel resided at River Place, Daniel never

27   contributed or offered to contribute to any rent or living expenses, and that on various occasions

28   while Daniel resided with Kay from 1998 to 2009, Daniel expressed he would take care of Kay.

9.    Plaintiff is informed and believes, and thereon alleges, that Daniel physically abused Kay during the period between 1995 and 2009.  On various occasions, Kay was heard to complain that Daniel was giving her daily enemas.  Plaintiff is informed and believes, and thereon alleges, that Daniel administered these enemas without any reasonable medical justification.  In or around April 2005, Daniel was observed violently yanking Kay out of her bed by her frail arm when Daniel became impatient that she was not getting up fast enough.  Daniel also frequently insulted and yelled at Kay.  Moreover, although Daniel kept a private room at Kay's River Place home, Daniel was frequently observed sleeping with his elderly mother.

10.    Plaintiff further is informed and believes, and thereon alleges, that Daniel's physical and/or sexual abuse of Kay is consistent with Daniel's pattern and practice of violence and sexual abuse of his other family members, including, by way of example only:

a.    During a Christmas Eve celebration in Carmel, California at Plaintiff's home, Daniel was witnessed physically assaulting Plaintiff's nine-year-old daughter – Daniel's own niece – suffocating her for several seconds by forcibly shoving her face into the carpet.

b.    During a family vacation in Guatemala in or about 2006, Daniel sexually groped the genitals of a 16-year-old male friend of Daniel's nephew.  The latter occurred after Daniel gave alcohol to his 16-year-old nephew and friend while they were riding in an automobile.  These incidents were reported to the Monterey County Sheriff in or about 2005 and 2011, respectively.  Plaintiff is informed and believes, and thereon alleges, that both incidents occurred while Daniel was dressed in "drag."

c.    During the same family vacation in Guatemala in or about 2006, Daniel also sexually groped his nephew, then approximately 9 years old.  The victim first reported the abuse to his parents several years later in 2001, and his parents in turn submitted a report to the Monterey County Sheriff shortly thereafter.

d.    While riding in a car driven by Daniel following the 2006 Guatemala trip, Plaintiff confronted Daniel concerning his flamboyant, over-sexualized and aggressive

- 4 -
**COMPLAINT**

1    behavior.  Daniel became visibly angry and stopped the car with such force that

2    the car stalled and Plaintiff and his wife, riding in the back seat, were thrown up

3    against the back of the front seats.

4    e.    In a June 3, 2011 voicemail to the family's long-time attorney, Bill Soskin, Daniel

5          stated that Plaintiff's wife, Nancy Susott, was someone "that I would love to, like,

6          execute, and I still might."

7    11.   Plaintiff is informed and believes, and thereon alleges, that at all relevant times

8    Daniel was a physician specializing in urgent care.  However, Plaintiff is informed and believes,

9    and thereon alleges, that during the relevant time period, Daniel relied on unconventional and

10   unethical practices to make money.  By way of example only, Plaintiff is informed and believes,

11   and thereon alleges, that:

12   a.    In connection with his travel to and work at international disaster sites, Daniel had

13         access to large amounts of prescription medication which, if sold on the black

14         market in the U.S. and elsewhere, could return significant sums of money.  At

15         various times, Plaintiff and others witnessed large suitcases of prescription

16         medications in Daniel's room at River Place.  On this basis, Plaintiff is informed

17         and believes, and thereon alleges, that Daniel misappropriated these prescription

18         medications to himself from disaster relief sites or other sources for the purpose of

19         unlawful sale.

20   b.    On at least one occasion, Daniel wrote a large number of prescriptions for

21         "medical marijuana."  Plaintiff is informed and believes, and thereon alleges, that

22         during an International Cannabis and Hemp Expo in Daly City, California in or

23         around April 2010, Daniel wrote approximately 1,600 prescriptions for "medical

24         marijuana" for approximately $100 each.

25   12.   From approximately 2007 to 2009, Daniel was employed by or affiliated with

26   Doctors on Duty, a medical group based in Monterey, California.

27   13.   Plaintiff is informed and believes, and thereon alleges, that in furtherance of

28   Daniel's pattern of unethical and presumably illegal medical practices, at all relevant times Daniel

- 5 -
COMPLAINT

owned and/or maintained refuges in various international countries, including in Antigua, Guatemala; Quito, Ecuador; Tirtagangga, Bali; and Cambodia, among other places, in addition to a home in Oahu, Hawaii.

14.     Plaintiff is informed and believes, and thereon alleges, that over the approximately 14 years between 1995 to 2009, Daniel routinely used his private room at Kay's River Place home for the purpose of, among other things, storing the large amounts of prescription medication that Plaintiff is informed and believes and thereon alleges that Daniel transported in large suitcases from disaster relief sites or other places in order to sell them for profit. Plaintiff further is informed and believes, and thereon alleges, that over that same time period, Daniel routinely permitted his friends to stay at Kay's River Place home for extended periods of time, to engage in group sex acts, and to use illegal drugs. Plaintiff is informed and believes, and thereon alleges, that some of Daniel's guests walked around nude in Kay's home in the presence of Kay and her caregivers.

15.     Plaintiff further is informed and believes, and thereon alleges, that Daniel moved in with Kay for the further purpose of exploiting Kay's trust, affection, and ailing physical and mental capacities to unduly influence Kay to make various gifts and disbursements to Daniel. By way of example only, Plaintiff is informed and believes, and thereon alleges, that:

a.     In or about 1998, Daniel used his position of care and trust to successfully urge Kay to gift him $771,939.

b.     Daniel used his position of care and trust to successfully urge Kay to make various "investments" by acquiring interests in international real estate, which Daniel intended to use for his own benefit. By way of example only, Plaintiff is informed and believes, and thereon alleges, that in or about 1994, Daniel prevailed upon Kay to entrust Daniel with approximately $200,000 purportedly to purchase investment property in Cambodia. Plaintiff is informed and believes, and thereon alleges, that Kay initially agreed to provide this sum as a "loan" but that, after the investment took a loss, Daniel prevailed on Kay to re-designate it as an

2037-001 16639_2

1   "investment" without any new consideration. Plaintiff did not learn of these

2   transactions until in or about 2007 or 2008.

3      c.   Between approximately 1994 and 2006, Daniel used his position of care and trust

4   to successfully urge Kay to make "donations" in the approximate amount of

5   $362,210 to a putative charity that Daniel operates as his alter ego and for his own

6   benefit.

7      d.   Daniel used his position of care and trust to successfully urge Kay to make various

8   "gifts" and "loans" to Daniel's friends and colleagues, and then exerted undue

9   influence to cause Kay to later "forgive" those same "loans." Plaintiff is informed

10   and believes, and thereon alleges, that the approximate total amount of these

11   "gifts" and "loans" made between approximately 1999 and 2008 is no less than

12   $166,704.

13      e.   Daniel frequently used Kay's credit card for his personal use, including purchasing

14   airfare for recreational and other uses for himself and others. Plaintiff further is

15   informed and believes, and thereon alleges, that Daniel transported the large

16   suitcases of prescription medication described above using such airfare.

17      16.   By way of example only, one such "loan" Daniel used his position of trust and

18   affection to unduly influence Kay to make and later "forgive" was to Lauryn Galindo in the

19   amount of $10,000. Plaintiff is informed and believes, and thereon alleges, that Ms. Galindo is

20   Daniel's one-time housekeeper who ran an operation for Daniel in Cambodia in the late 1970s

21   selling Cambodian babies and falsifying emigration papers. Plaintiff is further informed and

22   believes, and thereon alleges, that Ms. Galindo was later successfully prosecuted and imprisoned

23   in federal prison for these and other crimes. Plaintiff is further informed and believes, and

24   thereon alleges, that during the relevant time period, Ms. Galindo lived in a condo owned by

25   Daniel.

26      17.   By way of further example, Plaintiff is informed and believes, and thereon alleges,

27   that another such "loan" Daniel used his position of trust and affection to unduly influence Kay to

28   make and later "forgive" during the time Daniel lived with Kay was to Daniel's friend, Erick

- 7 -
**COMPLAINT**

1   Sosa, in the approximate amount of $30,000. Plaintiff also is informed and believes, and thereon

2   alleges, that Daniel used his position of trust and affection to unduly influence Kay to make a

3   "loan" to Daniel of approximately $60,000. Plaintiff also is informed and believes, and thereon

4   alleges, that Daniel never repaid this loan.

5        18.    Also in or about 2002, Kay purchased a Volvo sedan for her personal

6   transportation. Kay also made all insurance and registration payments on the vehicle. Between

7   approximately 1995 and continuing after Kay's death in 2009, however, Daniel drove the car for

8   his own personal use and enjoyment, often depriving Kay of the use of the car for several days or

9   weeks when Daniel would take long trips and/or leave the car in an airport long-term parking lot.

10   In connection with Daniel's use of the car, Kay received multiple parking citations. Daniel also

11   used Kay's credit cards to pay for gasoline in connection with his use of the car. Kay routinely

12   was required to pay for necessary repairs and service due to Daniel's use of the car. Plaintiff is

13   informed and believes, and thereon alleges, that Daniel did not ask Kay's permission to use the

14   car.

15        19.    In or about 2005, Kay was diagnosed with Alzheimer's-related dementia. After

16   this diagnosis, Kay retained and paid for three personal caregivers to provide her personal and

17   medical assistance, as well as to assist her with day-to-day household activities. However,

18   Plaintiff is informed and believes, and thereon alleges, that Daniel routinely ordered Kay's

19   caregivers to provide for his own needs, including making them cook his meals and clean his

20   room. Moreover, because of Daniel's frequent use of Kay's car, Kay's caregivers were required

21   to transport Kay in their personal cars. Plaintiff is informed and believes, and thereon alleges,

22   that Daniel's conduct impaired the caregivers' ability to provide Kay with the necessary medical

23   care and assistance she required.

24        20.    Plaintiff is informed and believes, and thereon alleges, that routinely during the 11

25   years Daniel lived at Kay's home from 1998 to 2009 – and continuing after Kay was diagnosed

26   with Alzheimers'-related dementia – Daniel threw raucous, late-night at Kay's home. As he did

27   during the 2006 Guatemala trip when he sexually molested his 11-year-old nephew and another

28   16-year-old boy, Daniel dressed in "drag" at these parties, as did several of Daniel's guests.

**COMPLAINT**

1   Others paraded around Kay's home in the nude. Plaintiff is informed and believes, and thereon

2   alleges, that several of Daniel's guests at these parties engaged in sex acts in Kay's home.

3   Plaintiff also is informed and believes, and thereon alleges, that Daniel knew or should have

4   known that several of his guests abused illegal drugs during these "sex parties" in Kay's home.

5        21.   Kay's caretakers frequently complained that Daniel's conduct and repeated orders

6   that Kay's caretakers carry out tasks for Daniel's benefit, as well as his frequent raucous parties at

7   Kay's house, made it difficult to provide appropriate care for Kay.

8        22.   Over time, Kay's Alzheimer's-related dementia continued to worsen. In or around

9   March 2007, in cold, early morning weather, a Monterey County Deputy found a naked and

10  confused Kay wandering the neighborhood. Similarly, in or around 2006, a concerned neighbor

11  found Kay wandering on a golf course.

12       23.   Daniel's conduct rendered Kay's home an unfit environment for her rest and care.

13  Around that time, Kay's caregivers threatened to quit because of Daniel's conduct. Accordingly,

14  in or about February 2009, Kay's family decided to move Kay to Sunrise Assisted Living Facility

15  ("Sunrise"). Plaintiff and other members of Kay's family intended Kay's move to Sunrise as a

16  temporary measure until Kay's River Place home could be made fit for Kay's peaceful rest and

17  care by removing Daniel from the premises. Daniel objected to this decision. Plaintiff further is

18  informed and believes, and thereon alleges, that Daniel told Kay to the effect that Plaintiff and

19  other members of her family were trying to get rid of her in order to take her River Place home

20  for themselves.

21       24.   Plaintiff is informed and believes, and thereon alleges, that after Kay settled in at

22  Sunrise, Daniel continued his pattern of abuse by making frequent late night visits to Kay and

23  telling her that "nobody cares about you but me." Plaintiff further is informed and believes, and

24  thereon alleges, that Daniel repeatedly told Kay he would "rescue" her.

25       25.   Plaintiff is informed and believes, and thereon alleges, that in or around January

26  2009, Daniel lost his position practicing medicine with Doctors on Duty for engaging in

27  inappropriate contact with patients and for stealing significant quantities of prescription

28

2037-001 16639_2

1    medications.  Plaintiff is further informed and believes, and thereon alleges, that as a result,

2    Daniel was in need of money.

3         26.    Plaintiff is informed and believes, and thereon alleges, that on one occasion Daniel

4    gained unauthorized access to Kay's quarters at Sunrise at approximately 3:30 a.m. for the

5    purpose of removing Kay's emerald ring from her hand.  Plaintiff demanded the return of this

6    item, but Daniel refused.  Plaintiff is informed and believes, and thereon alleges, that Daniel sold

7    Kay's ring and kept the proceeds for himself.

8         27.    On or about February 12, 2009, Kay's family physician, Dr. Paul Tocchet,

9    examined Kay and determined her to be in good health considering her age of 89 years.  Two

10   days later, however, Kay was found deceased in her quarters at Sunrise.  Despite Sunrise's strict

11   policy against the presence of any unauthorized medications in patients' quarters, unauthorized

12   sleeping pills were found in Kay's room when her body was found.  The same day of Kay's

13   death, Daniel flew to South America.

14        28.    Because of these suspicious circumstances surrounding Kay's death, Plaintiff –

15   who, along with Daniel, possessed a durable power of attorney – ordered an autopsy of Kay's

16   body.  Daniel, via email from South America, objected to the autopsy.  Approximately two weeks

17   passed before the decision to conduct the autopsy could be made.  Plaintiff is informed and

18   believes, and thereon alleges, that Daniel intended to delay the autopsy in order to render

19   undetectable the telltale residue of sleeping medication.

20        29.    Plaintiff is informed and believes, and thereon alleges, that Kay's estate, Kay's

21   Trust, John's Trust, and the Marital Trust are the rightful owners of all the property and interest

22   Daniel took, secreted, misappropriated, obtained, and/or retained as alleged above.

23        30.    Plaintiff first discovered Daniel's above-described pattern and scheme of physical,

24   emotional, and financial abuse of Kay, in connection with and for the purpose of Daniel's

25   misappropriation of Kay's wealth to himself, after approximately 2007 through Plaintiff's review

26   of an accounting of Kay's trust in or about 2007 or 2008 and Plaintiff's review of an accounting

27   of Kay's estate in or about 2007 or 2008.

28

2037-001 16639_2

## FIRST CAUSE OF ACTION

### Elder Financial Abuse (Welf. & Inst. Code, §§ 15600, et seq.)

### (By Plaintiff Against All Defendants)

31.     Plaintiff realleges and incorporates by reference paragraphs 1 through 27 as though fully set forth herein.

32.     Plaintiff brings this cause of action pursuant to Welfare and Institutions Code sections 15600, et seq., and each and every public policy expressly or impliedly contained therein.

33.     At all relevant times, Kay was a dependent elder in that she was over the age of 65 with physical and cognitive limitations that made her especially vulnerable to predation by Daniel. She was in frail physical and mental health, suffering from Alzheimers'-related dementia or symptoms thereof, regularly seeing approximately seven different physicians each month, and taking approximately 11 different medications. She was essentially homebound and often emotionally upset due to her failing health.

34.     During the time Daniel resided with Kay at her River Place home, Daniel took advantage of Kay's deteriorating health and emotional state, as well as his position of care and trust, to prevail upon Kay to make gifts and other transfer of money and property to himself, his friends and colleagues, and to entities under his control, including but not limited to a putative charity believed to be operated as Daniel's alter ego for his sole personal benefit.

35.     Daniel also took advantage of Kay's deteriorating health and emotional state, as well as his position of care and trust, in prevailing upon Kay to enter into certain "investments" for Daniel's personal benefit, including purchasing real property overseas for Daniel's personal benefit, and making "loans" to Daniel's friends and colleagues, which loans Daniel later prevailed on Kay to "forgive." Daniel also took Kay's emerald ring, which, Plaintiff is informed and believes and thereon alleges, Daniel sold, keeping the proceeds for himself. Plaintiff is also informed and believes, and thereon alleges, that Daniel also frequently used Kay's credit cards and automobile without Kay's knowledge or permission.

36.     By engaging in this conduct, Daniel took, hid, appropriated, obtained, and/or retained Kay's personal and real property, and assisted in doing so, for a wrongful use and with the purpose to defraud Kay in that Daniel never intended these transfers or "investments" of Kay's wealth to inure to Kay's benefit.  Instead, Daniel sought to take advantage of Kay's declining physical and mental condition to enrich himself and his friends and colleagues.  As a physician and Kay's son living with her, Daniel exercised a position of emotional, psychological, and physical control over Kay that overwhelmed her ability to make reasonable decisions with respect to the various transfers and "investments" Daniel encouraged Kay to make.

37.     As described herein, Doe defendants 1 through 100, inclusive, assisted in taking, secreting, misappropriating, obtaining, and retaining Kay's real and personal property for a wrongful use and with the intent to defraud in that Kay was prevented from gaining knowledge of the misuse of her property.

38.     Plaintiff is informed and believes, and thereon alleges, that Doe 1, the putative charity believed to be operated as Daniel's alter ego for his sole personal benefit, is insolvent and is unable to restore the donations and money and property that Daniel, acting on its behalf, wrongfully obtained from Kay.

39.     Doe 1 is liable for the acts of Daniel alleged in this complaint as Daniel's alter ego. Recognition of the privilege of separate existence would result in injustice because Daniel in bad faith dominated and controlled Doe 1 as follows:

        a.  Daniel commingled funds and other assets of Doe 1 and his funds and other assets for his own convenience and to assist in evading payment of obligations.

        b.  Daniel diverted funds and other assets of Doe 1 to other than corporate uses.

        c.  Daniel treated the assets of Doe 1 as his own.

        d.  Daniel used Doe 1 as a mere shell, instrumentality, or conduit for the purpose of wrongfully soliciting Kay to make gifts, donations, and other transfers of property.

40.     Kay, as an elderly citizen, was a member of the class of persons designed to be protected by the laws and public policies of the state of California.

2037-001 16639_2

41. In engaging in the conduct described above, Daniel acted with recklessness, oppression, fraud, and malice in that, as a physician living with Kay, Daniel was aware or reasonably should have been aware of Kay's physical and cognitive limitations at the time of Daniel's actions. Daniel displayed a callous disregard for Kay's physical and mental welfare by diverting Kay's property and taking advantage of her diminished physical and mental capacity.

42. As a proximate result of Daniel's conduct, Kay endured pain and suffering as well as economic damages equal to the amount of funds and the value of property Daniel diverted from Kay's trusts and estate.

43. As a further proximate result of Daniel's conduct, Plaintiff has been damaged in that he has been required to retain attorneys and incur legal fees and, therefore, is entitled to recover the amount of such fees.

44. The above described conduct of Defendants, and each of them, was willful, malicious, and oppressive and was intentionally done to take advantage of Kay's delicate physical and mental condition and as part and parcel of a scheme to wrest control of Kay's wealth all for Defendants' personal benefit. Plaintiff is therefore entitled to an award of punitive damages in an amount sufficient to punish Defendants, and each of them, and to deter such conduct in the future.

## SECOND CAUSE OF ACTION

### Conversion

### (By Plaintiff Against Daniel Susott)

45. Plaintiff realleges and incorporates by reference paragraphs 1 through 41 as though fully set forth herein.

46. Kay owned an emerald ring that she wore on a regular basis. Plaintiff is informed and believes, and thereon alleges, that the value of this ring is approximately unknown, but believed to be in excess of $10,000.

47. On or about February 2, 2009, Daniel took possession of Kay's emerald ring by entering the Sunrise facility in the middle of the night at approximately 3:30 a.m., entering Kay's room while Kay was sleeping, and slipping the ring off her finger while being careful not to wake

1  her.  Plaintiff demanded Daniel return the ring to Kay, but Daniel refused.  Plaintiff is informed

2  and believes, and thereon alleges, that Daniel sold the ring and kept the proceeds for himself.

3      48.     Daniel's actions constitute converting the property of Kay and her estate to

4  Daniel's use without just compensation to Kay.

5      49.     The above described actions by Daniel were taken without Kay's knowledge or

6  consent.

7      50.     Kay's estate remains the rightful owner of all assets converted by Daniel or his

8  agents.

9      51.     As a direct result of Daniel's wrongful conduct, Plaintiff has suffered damages in

10  an amount within the jurisdictional limits of this Court, to be proven at trial.

11      52.     Between the time of Defendants' conversion and the filing of this action, Plaintiff

12  has incurred attorneys' fees and costs in an about to be proven at trial in connection with

13  preparing for litigation of this case for the return of Kay's property to her estate.

14      53.     In committing the acts described in this complaint, Daniel is guilty of oppression,

15  fraud, or malice in depriving his frail, ailing mother of her dear, personal property for his own

16  benefit.  As a result, Plaintiff is entitled to an award of exemplary or punitive damages.

17

18                          **THIRD CAUSE OF ACTION**

19                              **Constructive Trust**

20                      **(By Plaintiff Against All Defendants)**

21      54.     Plaintiff realleges and incorporates by reference paragraphs 1 through 53 as though

22  fully set forth herein.

23      55.     Plaintiff is informed and believes, and thereon alleges, that Defendants have

24  converted a large amount of Kay's savings, investments, property, and other assets for their own

25  use, and that Defendants or their agents are presently in possession of such funds and property.

26  Because of her diminished physical and mental capacity, and further because of Daniel's undue

27  influence exerted upon her, Kay had no knowledge of this conversion and did not give legal

28  consent to Defendants to acquire, obtain, or transfer her funds and property.

- 14 -
**COMPLAINT**

2037-001 16639_2

56. Plaintiff is informed and believes, and thereon alleges, that Defendants or their agents are presently in possession of the converted funds and property described above.

57. By virtue of Defendants' conversion of Kay's property, Defendants have denied Kay rightful ownership of this property, and therefore Defendants hold all converted property as a constructive trust for the benefit of Kay's estate.

## FOURTH CAUSE OF ACTION

### Neglect (Welf. & Inst. Code, § 15610.57)

### (By Plaintiff Against Daniel Susott)

58. Plaintiff realleges and incorporates by reference paragraphs 1 through 53 as though fully set forth herein.

59. During the time Daniel lived with Kay from about 1998 to 2009, Kay was under the custody and care of Daniel, a medical doctor and Kay's son whom Kay relied upon to look out for her medical welfare.

60. As described above, during this time, Kay suffered from various physical and mental limitations, including Alzheimers'-related dementia.

61. By, among other things, ordering Kay's personal caregivers to tend to Daniel's personal needs, throwing raucous parties at Kay's home during, at which guests engaged in lewd public sex acts, paraded around naked, and abused illegal drugs, and generally failing to act in the best interests of Kay's physical and mental welfare, Daniel failed to use the degree of care that a reasonable person in the same situation would have used in providing medical care for Kay's physical and mental health needs, protecting Kay from health and safety hazards, and maintaining a restful and healthy environment in Kay's own home.

62. Daniel's conduct was reckless in that his neglect could have resulted in more serious medical problems that, in a woman of Kay's age and infirmities, could have resulted in death or other serious health consequences.

63. Plaintiff is informed and believes, and thereon alleges, that Kay was unable to care for or make informed medical decisions for herself as a result of her physical and mental

2037-001 16639_2

1    limitations, and thus Daniel was obligated, as the person in whose care and control Kay was in, to

2    ensure that her medical needs were met.  Plaintiff is informed and believes, and thereon alleges,

3    that Daniel failed this duty and thus committed neglect as that term is defined in Welfare and

4    Institutions Code section 15610.57.

5        64.    Plaintiff is further informed and believes, and thereon alleges, that Daniel's

6    conduct was reckless and malicious in that he knew of Kay's fragile medical condition, yet failed

7    to provide her with adequate medical care and treatment, and interfered with Kay's personal

8    caregivers' ability to provide Kay with adequate medical care and treatment.

9        65.    Daniel's conduct was a substantial factor in causing Kay pain and suffering, as

10   well as economic and statutory damages and attorneys' fees in an amount to be proven at trial.

11       66.    In committing the acts described in this complaint, Daniel is guilty of oppression,

12   fraud, or malice in depriving his frail, ailing mother of the care she obviously required.  As a

13   result, Plaintiff is entitled to an award of exemplary or punitive damages.

14

15                       **FIFTH CAUSE OF ACTION**

16               **Physical Abuse (Welf. & Ins. Code, § 15610.63)**

17                    **(By Plaintiff Against Daniel Susott)**

18       67.    Plaintiff realleges and incorporates by reference paragraphs 1 through 53 and 58

19   through 66 as though fully set forth herein.

20       68.    Daniel physically abused Kay by, among other things, forcibly yanking Kay by her

21   arm, giving her excessive and unnecessary enemas, and causing her to take sleeping pills.

22       69.    Daniel's conduct was a substantial factor in causing harm to Kay, in that Kay

23   complained about receiving the frequent enemas, and that, Plaintiff is informed and believes and

24   thereon alleges, the unauthorized sleeping pills Daniel caused Kay to take on or about

25   February 15, 2009 resulted in her death the same day.

26       70.    In engaging in this conduct, Daniel acted with recklessness, oppression, fraud, and

27   malice, in that he was aware of Kay's frail physical condition, was aware there was no rational

28   justification for giving Kay daily enemas, and was aware of Sunrise's ban on sleeping pills.

- 16 -
COMPLAINT

2037-001 16639_2

71.    In committing the acts described in this complaint, Daniel is guilty of oppression, fraud, or malice in physically abusing his frail, ailing, elderly mother.  As a result, Plaintiff is entitled to an award of exemplary or punitive damages.

### SIXTH CAUSE OF ACTION

### Wrongful Death

### (By Plaintiff Against Daniel Susott)

72.    Plaintiff realleges and incorporates by reference paragraphs 1 through 53 and 58 through 71 as though fully set forth herein.

73.    The day prior to Kay's death, her physician, Dr. Tocchet, declared her to be in good health.  Daniel's conduct in causing Kay to take unauthorized sleeping pills thus proximately resulted in Kay's premature death.

74.    As a result of Kay's premature death caused by Daniel, Plaintiff is deprived of Kay's love, companionship, comfort, care, assistance, protection, affection, society, and moral support.

75.    In committing the acts described in this complaint, Daniel is guilty of oppression, fraud, or malice in causing his frail, ailing, elderly mother to take sleeping pills, which were prohibited by the care facility in which she was admitted at the time.  As a result, Plaintiff is entitled to an award of exemplary or punitive damages.

### PRAYER

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, herein as follows:

As to the First Cause of Action:

1.    For compensatory damages according to proof at trial;

2.    For punitive damages;

3.    For reasonable attorneys' fees pursuant to Welfare and Institutions Code section 15657.5;

2037-001 16639_2

As to the Second Cause of Action:

4.    For compensatory damages according to proof at trial;

5.    For punitive damages;

As to the Third Cause of Action:

6.    For a constructive trust;

As to the Fourth and Fifth Causes of Action:

7.    For compensatory damages according to proof at trial;

8.    For punitive damages;

9.    For reasonable attorneys' fees pursuant to Welfare and Institutions Code section 15657;

As to the Sixth Cause of Action:

10.   For compensatory damages according to proof at trial;

11.   For punitive damages;

As to All Causes of Action:

12.   For an award of costs of suit incurred herein; and

13.   For an award of such other and further relief as the Court deems just and proper.


DATED: December 9, 2011          GIMINO VOGELE ASSOCIATES, LLP

                                 By: _____
                                     Thomas A. Vogele
                                     Timothy M. Kowal
                                 Attorneys for Plaintiff JOHN L. SUSOTT; the
                                 Estate of Kathryn Susott; The Kathryn C. Susott
                                 Living Trust under Agreement dated May 2, 1997;
                                 The John L. Susott Exempt Marital Trust under
                                 Agreement dated May 27, 1985; and The John L.
                                 Susott Non-Exempt Marital Trust under
                                 Agreement dated May 27, 1985

- 18 -
**COMPLAINT**

Exhibit B

CM-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Thomas A. Vogele, Esq. (SBN 254557)<br>SCHWARTZ, O'CONNOR & VOGELE<br>200 Clock Tower Place, Suite E-103<br>Carmel, California 93923<br>TELEPHONE NO.: (831) 625-6255   FAX NO. *(Optional):*<br>E-MAIL ADDRESS *(Optional):* tvogele@sovlaw.com<br>ATTORNEY FOR *(Name):* Plaintiff John Susott | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Monterey
STREET ADDRESS: 1200 Aguajito Road
MAILING ADDRESS:
CITY AND ZIP CODE: Monterey, CA 93940
BRANCH NAME: Monterey Courthouse

| PLAINTIFF/PETITIONER: John L. Susott, et al. | CASE NUMBER<br>M115348 |
|---|---|
| DEFENDANT/RESPONDENT: Daniel C. Susott | JUDICIAL OFFICER<br>Hon. Lydia M. Villarreal |
| **NOTICE OF RELATED CASE** | DEPT.:<br>15 |

*Identify, in chronological order according to date of filing, all cases related to the case referenced above.*

1. a. Title: In re: ILIT of Susott, John L. and Kathryn C. Susott
   b. Case number: MP20193
   c. Court: [✓] same as above
      [ ] other state or federal court *(name and address):*
   d. Department: 16
   e. Case type: [ ] limited civil [ ] unlimited civil [✓] probate [ ] family law [ ] other *(specify):*
   f. Filing date: 1/26/2011
   g. Has this case been designated or determined as "complex?" [ ] Yes [✓] No
   h. Relationship of this case to the case referenced above *(check all that apply):*
      [✓] involves the same parties and is based on the same or similar claims
      [✓] arises from the same or substantially identical transactions, incidents, or events requiring the determination of the same or substantially identical questions of law or fact
      [✓] involves claims against, title to, possession of, or damages to the same property
      [✓] is likely for other reasons to require substantial duplication of judicial resources if heard by different judges.
      [ ] Additional explanation is attached in attachment 1h
   i. Status of case:
      [✓] pending
      [ ] dismissed [ ] with [ ] without prejudice
      [ ] disposed of by judgment

2. a. Title:
   b. Case number:
   c. Court: [ ] same as above
      [ ] other state or federal court *(name and address):*
   d. Department:

Page 1 of 3

| Form Approved for Optional Use<br>Judicial Council of California<br>CM-015 [Rev. July 1, 2007] | **NOTICE OF RELATED CASE** | Cal. Rules of Court, rule 3.300<br>www.courtinfo.ca.gov |
|---|---|---|

CM-015

| PLAINTIFF/PETITIONER: John L. Susott, et al. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Daniel C. Susott | M115348 |

2. *(continued)*

e. Case type: ☐ limited civil ☐ unlimited civil ☐ probate ☐ family law ☐ other *(specify):*

f. Filing date:

g. Has this case been designated or determined as "complex?" ☐ Yes ☐ No

h. Relationship of this case to the case referenced above *(check all that apply):*

☐ involves the same parties and is based on the same or similar claims

☐ arises from the same or substantially identical transactions, incidents, or events requiring the determination of the same or substantially identical questions of law or fact.

☐ involves claims against, title to, possession of, or damages to the same property.

☐ is likely for other reasons to require substantial duplication of judicial resources if heard by different judges.

☐ Additional explanation is attached in attachment 2h

i. Status of case:

☐ pending

☐ dismissed ☐ with ☐ without prejudice

☐ disposed of by judgment

3. a. Title:

b. Case number:

c. Court: ☐ same as above

☐ other state or federal court *(name and address):*

d. Department:

e. Case type: ☐ limited civil ☐ unlimited civil ☐ probate ☐ family law ☐ other *(specify):*

f. Filing date:

g. Has this case been designated or determined as "complex?" ☐ Yes ☐ No

h. Relationship of this case to the case referenced above *(check all that apply):*

☐ involves the same parties and is based on the same or similar claims.

☐ arises from the same or substantially identical transactions, incidents, or events requiring the determination of the same or substantially identical questions of law or fact.

☐ involves claims against, title to, possession of, or damages to the same property.

☐ is likely for other reasons to require substantial duplication of judicial resources if heard by different judges.

☐ Additional explanation is attached in attachment 3h

i. Status of case:

☐ pending

☐ dismissed ☐ with ☐ without prejudice

☐ disposed of by judgment

4. ☐ Additional related cases are described in Attachment 4. Number of pages attached: _____

Date: 1/24/2012

Thomas A. Vogele
(TYPE OR PRINT NAME OF PARTY OR ATTORNEY)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

CM-015 [Rev. July 1 2007]                **NOTICE OF RELATED CASE**                     Page 2 of 3

CM-015

| | CASE NUMBER: |
|---|---|
| PLAINTIFF/PETITIONER: John L. Susott, et al. | |
| DEFENDANT/RESPONDENT: Daniel C. Susott | M115348 |

## PROOF OF SERVICE BY FIRST-CLASS MAIL
### NOTICE OF RELATED CASE

*(NOTE: You cannot serve the Notice of Related Case if you are a party in the action. The person who served the notice must complete this proof of service. The notice must be served on all known parties in each related action or proceeding.)*

1. I am at least 18 years old and **not a party to this action.** I am a resident of or employed in the county where the mailing took place, and my residence or business address is *(specify)*:

    245 Fischer Avenue, Suite C-1, Costa Mesa, CA 92626

2. I served a copy of the *Notice of Related Case* by enclosing it in a sealed envelope with first-class postage fully prepaid and *(check one)*:

    a. ☐ deposited the sealed envelope with the United States Postal Service.

    b. ☑ placed the sealed envelope for collection and processing for mailing, following this business's usual practices, with which I am readily familiar. On the same day correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service.

3. The *Notice of Related Case* was mailed:

    a. on *(date)*: 1/24/2012

    b. from *(city and state)*: Costa Mesa, CA

4. The envelope was addressed and mailed as follows:

    a. Name of person served:
    Thomas J. Espinoza, Esq.
    Street address: 444 Pearl Street, Suite A-6
    City: Monterey
    State and zip code: CA 93940

    b. Name of person served:
    Eric David Schenk, Esq.
    Street address: 707 Miller Ave
    City: Mill Valley
    State and zip code: CA 94941

    c. Name of person served:
    James R. Stupar, Esp.
    Street address: 2100 Garden Road
    City: Monterey
    State and zip code: CA 93940

    d. Name of person served:
    John Samuel Preston, Esq.
    Street address: 1060 Clarendon Cres
    City: Oakland
    State and zip code: CA 94610

☐ Names and addresses of additional persons served are attached. *(You may use form POS-030(P).)*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date 1/24/2012

Angela M Brown

_____
(TYPE OR PRINT NAME OF DECLARANT)

▶

_____
(SIGNATURE OF DECLARANT)

CM-015 [Rev. July 1, 2007]                    **NOTICE OF RELATED CASE**                    Page 3 of 3

1  JOHN PRESTON, ESQ. (SBN 87237)
   1060 Clarendon Crescent
2  Oakland, CA 94610
   Tel: 510-763-9131
3  Fax: 510-763-0255

4  Attorneys for Defendant Daniel Susott                    C 12 - 0058)

5                   SUPERIOR COURT OF CALIFORNIA

6            COUNTY OF MONTEREY, MONTEREY COURT BRANCH

7
                                          )
8  JOHN L. SUSOTT,                        )      CASE NO. M115348
                                          )
9              Plaintiff;                 )      NOTICE TO ADVERSE PARTY AND
                                          )      STATE COURT OF REMOVAL OF
10 vs.                                    )      ACTION TO FEDERAL COURT
                                          )
11 DANIEL SUSOTT et al.,                  )
                                          )
12             Defendants.                )      JURY TRIAL DEMANDED

13

14     TO PLAINTIFF JOHN L. SUSOTT and HIS ATTORNEYS OF RECORD:

15     PLEASE TAKE NOTICE that a Notice of Removal of this action was filed with the

16 United States District Court of Northern California on February 6, 2012. A copy of the Notice of

17 Removal filed with the federal court is attached to this Notice and is served and filed herewith.

18

19

20 Date: February 6, 2012           By:_____
                                        John Preston
21                                      Attorney for defendant Daniel Susott

22

23

24

25

26
                                     1                          Notice of Removal

JS 44 CAND (Rev. 12-11)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

## DEFENDANTS

**(b)** County of Residence of First Listed Plaintiff  MONTEREY, CAL
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  HONOLULU, HAWAII
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number.)*
Thomas Vogele, 200 Clock Tower Place, Suite E - 103
Carmel Cal.93923   tel 831 625 6255

Attorneys *(If Known)*
John Preston, 1060 Clarendon Cr., Oakland, Cal 94610
tel 510 763 9131

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government
      Plaintiff

☐ 3  Federal Question
      *(U.S. Government Not a Party)*

☐ 2  U.S. Government
      Defendant

☒ 4  Diversity
      *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff, and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Product Liability | | 28 USC 157 | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | Liability | ☐ 367 Health Care/ | | | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| & Enforcement of Judgment | Slander | Personal Injury | | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Product Liability | | ☐ 830 Patent | ☐ 470 Racketeer Influenced and |
| ☐ 152 Recovery of Defaulted | Liability | ☐ 368 Asbestos Personal | | ☐ 840 Trademark | Corrupt Organizations |
| Student Loans | ☐ 340 Marine | Injury Product | | | ☐ 480 Consumer Credit |
| (Excl. Veterans) | ☐ 345 Marine Product | Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☒ 370 Other Fraud | Act | ☐ 862 Black Lung (923) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 190 Other Contract | Product Liability | ☐ 380 Other Personal | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Property Damage | ☐ 751 Family and Medical | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 196 Franchise | Injury | ☐ 385 Property Damage | Leave Act | | ☐ 895 Freedom of Information |
| | ☐ 362 Personal Injury - | Product Liability | ☐ 790 Other Labor Litigation | | Act |
| | Med. Malpractice | | ☐ 791 Empl. Ret. Inc. | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | Security Act | ☐ 870 Taxes (U.S. Plaintiff | ☐ 899 Administrative Procedure |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | ☐ 510 Motions to Vacate | | or Defendant) | Act/Review or Appeal of |
| ☐ 220 Foreclosure | ☐ 441 Voting | Sentence | | ☐ 871 IRS—Third Party | Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | **Habeas Corpus:** | | 26 USC 7609 | ☐ 950 Constitutionality of |
| ☐ 240 Torts to Land | ☐ 443 Housing/ | ☐ 530 General | | | State Statutes |
| ☐ 245 Tort Product Liability | Accommodations | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | Employment | ☐ 550 Civil Rights | ☐ 465 Habeas Corpus - | | |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | Alien Detainee | | |
| | Other | ☐ 560 Civil Detainee - | (Prisoner Petition) | | |
| | ☐ 448 Education | Conditions of | ☐ 465 Other Immigration | | |
| | | Confinement | Actions | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☐ 1 Original Proceeding   ☒ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district *(specify)*   ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 USC § 1441(b)

Brief description of cause:
elder abuse, fraud conversion, wrongful death

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ Yes  ☒ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE  Case # MP2019  (Cal)

DOCKET NUMBER  Not yet determined

## IX. DIVISIONAL ASSIGNMENT (Civil L.R. 3-2)

*(Place an "X" in One Box Only)*   ☐ SAN FRANCISCO/OAKLAND   ☒ SAN JOSE   ☐ EUREKA

DATE  2/2/12

SIGNATURE OF ATTORNEY OF RECORD