1
2
3
4          IN THE UNITED STATES DISTRICT COURT
5        FOR THE NORTHERN DISTRICT OF CALIFORNIA
6
7    JOHN L. SUSOTT,                              No. C 12-581 SI
8              Plaintiff,
9       v.
10   DANIEL SUSOTT,
11             Defendant.
12   ─────────────────────────────/
13   In re the Matters of the:                   No. C 12-597 SI
14   IRREVOCABLE LIFE INSURANCE TRUST
     OF JOHN L. SUSOTT AND KATHRYN C.
15   SUSOTT UAD 8/17/1988 AS RESTATED,
     EXEMPT TRUST FBO DANIEL C. SUSOTT           **ORDER GRANTING MOTIONS TO**
16                                               **REMAND; DENYING MOTION TO**
     IRREVOCABLE LIFE INSURANCE TRUST            **CONSOLIDATE AND STRIKE AS**
17   OF JOHN L. SUSOTT AND KATHRYN C.            **MOOT; AND REMANDING ACTIONS**
     SUSOTT UAD 8/17/1988 AS RESTATED,           **TO THE MONTEREY COUNTY**
18   NON-EXEMPT TRUST FBO DANIEL C.              **SUPERIOR COURT**
     SUSOTT
19   ─────────────────────────────/
20
21        Currently before the are motions to remand filed in 12-581 [Docket No. 7] and 12-597 [Docket
22   No. 16].  There is also pending a motion to consolidate, filed by the defendant in both cases.  *See* Docket
23   No. 13 in Case 12-581; Docket No. 14 in 12-597.  These matters, as well as a motion by the plaintiff in
24   12-597 to strike all or portions of the motion to consolidate [Docket No. 22 in Case No. 12-597], are
25   currently set for hearing on April 20, 2012.  Pursuant to Civil Local Rule 7-1(b), the Court finds these
26   matters appropriate for resolution without oral argument and hereby VACATES the hearing.  Having
27   considered the papers submitted, and for good cause shown, the Court hereby GRANTS the motions to
28   remand and DENIES the motions to consolidate and strike as moot.

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

# BACKGROUND

Case No. 12-581 was removed to this Court on February 2, 2012, under the Court's diversity jurisdiction. The underlying complaint was filed in Superior Court for Monterey County on December 9, 2011, and alleges causes of action by plaintiff (John L. Susott, individually and as a trustee) against defendant (Daniel Susott) for Elder Financial Abuse (Cal. Wel. & Inst. Code §§ 15610.07, 15610.30); conversion under California law; constructive trust under California law; neglect (Cal. Wel. & Inst. Code § 15610.63); Elder Physical Abuse (Cal. Wel. & Inst. Code § 15610.63); and wrongful death under California law.

Case No. 12-597 was removed to this Court on February 6, 2012, also under the Court's diversity jurisdiction. The underlying petition was filed in Superior Court for Monterey County, probate court, on August 2, 2011. The petition was filed by Evan Auld-Susott and seeks an order removing and surcharging trustee (respondent Daniel Susott), compelling Daniel Susott to account, and seeking appointment of a successor trustee under various provisions of the California Probate Code.

Plaintiffs in both cases – John Susott and petitioner Evan Auld-Susott – have moved to remand these cases back to state court. Defendant and respondent in both cases, Daniel Susott, has moved to consolidate the removed cases. Plaintiff in 12-597 (Evan Auld-Susott) has moved to strike portions of the motion to consolidate.

# LEGAL STANDARD

Under the removal statute, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant" to federal court. 28 U.S.C. § 1441(a). A district court has federal question jurisdiction in "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A district court has diversity jurisdiction where the matter in controversy exceeds the sum of $75,000, and is between, inter alia, citizens of different States, or citizens of a State and citizens or subjects of a foreign state. 28 U.S.C. § 1332.

"The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th

Cir. 1988) (citations omitted).  Remand to state court must be ordered when a district court lacks subject matter jurisdiction.  *See* 28 U.S.C. § 1447(c).

**DISCUSSION**

**A.      Motion to Remand Case No. 12-597**

Petitioner Evan Auld-Susott moves to remand the petition in Case No. 12-597 back to probate court in Monterey County.  Petitioner asserts that in this case, the removal  was untimely because the removed petition was filed on August 12, 2011, respondent Daniel Susott appeared in that case on September 16, 2011, and the thirty day time limit for removal ran on October 17, 2011 at the latest.  *See* 28 U.S.C. § 1446(b); *see also* Declaration of James R. Stupar in support of motion to remand (Docket No. 16) at ¶¶ 14, 17.

Daniel Susott admits the removal of this case was untimely, but asserts that because this case is so closely related to Case No. 12-581, removal was appropriate because this Court could exercise supplemental jurisdiction over the claims asserted in 12-597.  *See* Oppo. at 2.  Respondent's argument is flatly without merit.  Removal statutes must be strictly construed to limit removal jurisdiction and doubts as to removability are resolved in favor of remand.  *See Gaus v. Miles, Inc*., 980 F.2d 564, 566 (9th Cir. 1992).  Any diversity jurisdiction – the ground for removal relied on by respondent in his notice of removal, Docket No. 1 at ¶ 10 – existed and was evident from the face of the petition filed in state court.  As such, respondent had thirty days from the date he was served with process or entered an appearance in the state court action to remove that case to this Court.  Respondent cannot revive removability by invoking this Court's supplemental jurisdiction.  The question of whether the Court can exercise supplemental jurisdiction over claims initially filed in or properly removed to this Court does not come into play where there was no federal jurisdiction over the case in the first instance.  *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 34 (2002) ("Ancillary jurisdiction, therefore, cannot provide the original jurisdiction that petitioners must show in order to qualify for removal under § 1441.").

United States District Court
For the Northern District of California

1    Removal of this action was untimely.   Therefore, petitioner's motion to remand [Docket No.

2    16] is GRANTED.[1]

3

4    **B.    Motion to Remand Case No. 12-581**

5    Plaintiff John Susott ("John") moves to remand, arguing that removal in this case was also

6    untimely.  This case was filed on December 9, 2011.  Plaintiff authorized a process server to attempt to

7    serve defendant Daniel Susott ("Daniel") at Daniel's home in Hawaii.  After numerous unsuccessful

8    attempts, plaintiff's process server hand-delivered the papers to Anto Sri, who answered the front door

9    of Daniel's residence on December 20, 2011.  The process server signed a declaration under penalty of

10   perjury to this effect on January 25, 2012.  Supplemental Declaration of Thomas A. Vogele [Docket No.

11   18-1], ¶¶ 10-11 & Ex. 6.  The process service company also declares that a copy of the complaint was

12   mailed to defendant Daniel Susott on December 20, 2011, to effectuate substitute service under Cal.

13   Code Civ. Proc. § 415.20(b); Supp. Vogele Decl., Ex. 4.  Substitute service is considered complete ten

14   days after the mailing of the complaint – here, on December 30, 2011 – and therefore, plaintiff argues,

15   Daniel had until January 30, 2012 to remove the action.[2]  In fact, it was not removed until  February 6,

16   2012.

17   Defendant Daniel Susott argues that service was not effectuated because Anto Sri was not a

18   member of his household authorized to accept service under CCP section 415.20.  Mr. Sri's declaration

19   establishes that he does not reside at Daniel's Hawaii residence, but that he was merely a visitor who

20   had permission to stay there for a few days and that he visits "when he can."  *See* Sri Declaration

21   [Docket No. 37-1].  Mr. Sri also declares that he did not see Daniel Susott prior to departing the house

22   and did not give him any papers or "even advise anyone that there were papers." *Id.*, ¶ 6.  The Court

23   finds that because Mr. Sri was not only allowed to stay at Daniel Susott's home, but was also given the

24

25   _____

     [1] Since Case No. 12-597 is being remanded, respondent's motions to consolidate Case No. 12-
26   597 with Case No. 581 [Docket No. 13 in Case 12-581; Docket No. 14 in Case 12-597] are DENIED
     as moot.  Petitioner's motion to strike portions of the motion to consolidate [Docket No. 22 in Case No.
27   12-597] is DENIED as moot.  Plaintiff's request for Judicial Notice [Docket No. 16-12] is DENIED as
     moot.

28   [2] Plaintiff  calculates the last day to remove as January 31, 2012. Removal was untimely using
     either date.

4

**United States District Court**
For the Northern District of California

1   authority to control access to it by others – for example, given the apparent authority to answer the door

2   when the process server knocked – that he was a competent person who could be considered either a

3   "member of the household or a person apparently in charge" of access to the house sufficient to accept

4   service under CCP section 415.20.

5       This conclusion is supported by the California Court of Appeal's decision in *Bein v.*

6   *Brechtel-Jochim Group, Inc.*, 6 Cal App 4th 1387 (Cal. App. 1992). There, the court recognized that

7   the purpose of CCP section 415.20 is to permit service on a person whose "'relationship with the person

8   to be served makes it more likely than not that they will deliver process to the named party.'" *Id.*, 6 Cal

9   App 4th at 1393 (quoting *Assoc. v. Mendelson et al.*, 572 N.Y.S.2d 997, 999 (1991)). In that case, the

10  court found the service upon a gate guard was adequate to effectuate substitute service, based on the

11  nature of the relationship between the gate guard and the person being served. *Id.*; *see also Khourie v.*

12  *Sabek*, 220 Cal. App. 3d 1009, 1013 (Cal. App. 1990) (service effectuated where process server

13  attempted to leave a copy of the summons and complaint during usual office hours with the person

14  "apparently in charge of [the] office – i.e., the only person who responded his attempt to enter.").

15  Here Mr. Sri was apparently in charge of the household, as he was the only person to answer the door

16  on the process server's seventh attempt to find someone home. *See* Supp. Vogele Decl., Ex. 5.

17      Importantly, Mr. Sri does not say he did not accept the papers served, or otherwise contest the

18  veracity of the process server's declaration. Similarly, Daniel Susott does not state when he returned

19  home to Hawaii; whether or when he discovered the copies that were served on Mr. Sri; or whether or

20  when he received the copies sent by mail as part of the substitute service. Daniel does not state whether

21  he in fact received a copy of the complaint in December, and he does not dispute that his attorneys were

22  aware of the filing of the lawsuit in December. Nor does he dispute that plaintiff's counsel informed

23  Daniel's counsel on January 23, 2012, that plaintiff's counsel believed Daniel had been served on

24  December 20, 2011 in Hawaii. Vogele Decl., ¶¶ 10-11; Declaration of Thomas J. Espinoza, ¶ 5.

25      Defendant also argues that, during a December 13, 2011 pre-mediation conference, the parties

26  agreed to a litigation "standstill," and that plaintiff's service of the complaint on defendant breached that

27

28

United States District Court
For the Northern District of California

1   agreement.  The parties dispute much of what happened at the December 13 meeting,[3] and no writing

2   was ever prepared, or apparently even contemplated, to memorialize the terms of any standstill

3   agreement.  But it is clear that the fact that John had filed the complaint against Daniel was discussed

4   at some length, and no one suggests that the issue of removal was discussed or even mentioned.  Further,

5   Daniel's counsel admit that at least by January 23, 2012, they had been told by John's counsel that

6   Daniel was served as of December 20, 2011.  Under these circumstances, defense counsel could not rely

7   on the purported standstill agreement to refrain from filing a notice of removal.

8       Defendant also argues that multiple deficiencies in the actual proofs of service call into question

9   the validity of the substitute service.  These defects include the following: the proof of service is not

10  signed under penalty of perjury; the telephone and email address the process server included on the

11  proof of service form was not his own telephone or address but that of Legal Solutions in Santa Ana,

12  California (the company who hired him on a contractor basis to serve Daniel Susott); and the proof of

13  service was not executed until January 25, 2012 (more than 30 days after service was made).  The Court

14  does not find that these alleged defects undermine the service of process here.  The Court acknowledges

15  that the proof of service is not signed under penalty of perjury, but the process server's declaration of

16  diligence – where he lists each attempt and provides details for the final, successful service on Mr. Sri

17  – is signed under penalty of perjury.  Supp. Vogele Decl., Ex. 3.  There is no evidence that it is against

18  practice in California for contracted process servers to list the name and address of the agency through

19  which they contracted on the proof of service.  With respect to the arguments regarding the fact that the

20  proof of service was not signed until January 25, 2012, the Court finds the more important point here

21  is that Daniel Susott does not declare that he did not receive actual notice of this lawsuit, or describe

22  whether or when he returned home to Hawaii to find the service and mailed copies of the summons and

---

23

24      [3]  The parties dispute the existence and terms of any "standstill" agreement.  In addition, they
        dispute whether John's counsel agreed to give Daniel's counsel a copy of the newly-filed complaint
25      (John's counsel states that he offered to give copies to Daniel's counsel, but was refused; Daniel's
        counsel state that they asked for copies of the complaint, but were refused).  They also dispute whether
26      John's counsel stated that the new complaint was out for service (John's counsel states that he told
        Daniel's counsel that it was out for service; Daniel's counsel state that John's counsel said he had no
27      intention of serving the new complaint as of then.)  It is clear from all the declarations, however, that
        a lively discussion was had concerning the existence of the newly-filed complaint.  *See* Declaration of
28      John Preston in Support of Opposition to Remand; Declaration of Eric Schenk in Opposition to
        Plaintiff's Motion to Remand; Declaration of Tom Espinoza in Support of Opposition to Remand; and
        Supplemental Declaration of Thomas A. Vogele.

6

1  complaint. In these circumstances, the Court does not find that the minor deficiencies identified by

2  defendant are material or otherwise make the substitute service ineffective.

3       Based on all the facts presented to the Court, and considering that removal statutes must be

4  strictly construed to limit removal jurisdiction and doubts as to removability are resolved in favor of

5  remand, *Gaus v. Miles, Inc*., 980 F.2d at 566, the Court GRANTS the motion to remand Case No. 12-

6  581.[4]

7

8  **C.       Plaintiffs' Requests for Attorneys' Fees and Costs**

9       Plaintiffs in both cases seek an award of attorneys fees and costs incurred in moving for remand.

10  "An order remanding the case may require payment of just costs and any actual expenses, including

11  attorney fees, incurred as a result of the removal."   28 U.S.C. § 1447(c).   "Absent unusual

12  circumstances, courts may award attorney's fees under § 1447(c) where the removing party lacked an

13  objectively reasonable basis for seeking removal.  Conversely, when an objectively reasonable basis

14  exists, fees should be denied." *Martin v. Franklin Capital Corp*., 546 U.S. 132, 141 (2005). The Court

15  finds that attorney's fees are inappropriate in these cases, and therefore, plaintiffs' motions for fees are

16  DENIED.

17

18                                **CONCLUSION**

19       For the foregoing reasons, the Court GRANTS the motions to remand and DENIES the motions

20  to consolidate and strike as moot.  All other pending motions are DISMISSED without prejudice to

21  refiling in state court, and these cases are remanded to the Superior Court for the County of Monterey.

22       **IT IS SO ORDERED.**

23

24  Dated: April 11, 2012

25                                _____

26                                SUSAN ILLSTON
                                 United States District Judge

27

28  _____
      [4]  Defendant's objections to evidence in support of remand in 12-581 [Docket No. 15-2] are
    OVERRULED.

                                        7